**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aisha Zrihan,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A., et al.,<br><br>　　　　　　Defendants. | No. CV-12-02073-PHX-DGC<br><br>**ORDER** |

Defendant Wells Fargo Bank, N.A. has filed a motion for summary judgment. Doc. 62. Plaintiff Aisha Zrihan has also filed a motion for summary judgment. Doc. 64. The motions are fully briefed. For the reasons that follow, the Court will deny the motions.[1]

**I.      Background.**

Plaintiff is the sole heir of the estate of Yafit Butwin. Doc. 28, ¶ 1. On June 2, 2012, Mrs. Butwin and her three children were tragically murdered by her husband, James Butwin, who then took his own life. Doc. 64 at 3. The Butwins were married in 1994 and moved to Arizona in 2001. *Id.* at 2. They purchased the real property located at 9361 South Kenneth Plaza, Tempe, Arizona, 85284 (the "Butwin residence"), in a cash transaction. *Id.* Mr. Butwin is alleged to have encumbered the Butwin residence by first taking out a mortgage in October 2001 and then a home equity line of credit ("HELOC") from Defendant on October 15, 2002, which was used to pay off the mortgage. *Id.* The

---

[1] The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  HELOC was secured by a deed of trust recorded on October 31, 2002 (the "2002 Deed of
2  Trust"). Doc. 63-1 at 22-23. Mr. Butwin then increased the limit of the HELOC to
3  $720,000 in January 2006. Doc. 62 at 2. A "Deed of Trust Modification Agreement"
4  was subsequently recorded on February 1, 2006 (the "2006 Modification"). Doc. 63-1 at
5  42-47. Both the 2002 Deed of Trust and the 2006 Modification appear to be signed by
6  both Mr. and Mrs. Butwin. Doc. 63-1 at 23, 46. Plaintiff asserts that Mrs. Butwin was
7  unaware of the HELOC and that her signatures on the 2002 Deed of Trust and the 2006
8  Modification were written by someone else. Doc. 28 at ¶ 19; Doc. 72 at 2. She further
9  contends that Mary J. Higgens, the individual who purportedly notarized the
10 acknowledgment of both the 2002 Deed of Trust and the 2006 Modification, was not and
11 never has been a properly commissioned and authorized notary in Arizona. Doc. 64 at 2-
12 3; Doc. 72 at 2. As a result, Plaintiff contends that Defendant has no valid security
13 interest in the property. Doc. 64 at 4.

14 Plaintiff contends that Mrs. Butwin did not become aware of the HELOC until
15 January 9, 2009. *Id.* at 9. She alleges that on that date, Mrs. Butwin went to the bank to
16 attempt to get money because Mr. Butwin had canceled her credit cards and restricted her
17 access to their bank accounts. *Id.* While at the bank, Mrs. Butwin allegedly asked a bank
18 employee if she had anything else under her name, at which time the employee informed
19 Mrs. Butwin of the HELOC. *Id.* After learning of the HELOC, Mrs. Butwin drew cash
20 advances totaling $26,000 from the HELOC and placed those funds in a new bank
21 account. Doc. 66 at 2. Mrs. Butwin filed for divorce on September 22, 2011, and the
22 proceedings were ongoing at the time of her death. Doc. 64 at 3. Plaintiff alleges that
23 Mr. Butwin claimed the HELOC to be his sole and separate debt during the divorce
24 proceedings. *Id.* Defendant argues that even if Mrs. Butwin's signatures were not valid,
25 she ratified the HELOC by withdrawing the January 2009 cash advances. Doc. 62 at 7.
26 Defendant also notes that Mrs. Butwin did not claim during her divorce proceedings that
27 any signature on any HELOC document was forged or invalid, and did not at any time
28 "repudiate, object to, or attempt to rescind the HELOC." *Id.* at 3.

Plaintiff filed this action asserting two claims: (1) to quiet title to the Butwin residence in her name "pursuant to A.R.S. § 14-2803"; and (2) for a judgment declaring that Wells Fargo has no valid lien or security interest in the Butwin residence. Doc. 28, ¶¶ 34-54.

## II. Legal Standard.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Defendant's Motion for Summary Judgment.

### A. Statutes of Limitation.

Defendant first argues that Plaintiff's quiet title claim is barred by the one-year statute of limitations contained in A.R.S. § 12-541(5). Doc. 62 at 4. Defendant is incorrect. "[A] cause of action to quiet title for the removal of the cloud on title is a continuous one and never barred by limitations while the cloud exists." *Cook v. Town of Pinetop-Lakeside*, 303 P.3d 67, 70 (Ariz. Ct. App. 2013) (quoting *City of Tucson v. Morgan*, 475 P.2d 285, 287 (Ariz. Ct. App. 1970)). A.R.S. § 12-541 does not apply.

Defendant next argues that "[c]laims of an alleged forgery are a form of fraud claim," and that Plaintiff's claims are therefore subject to the three-year statute of

limitations in A.R.S. § 12-543. Doc. 62 at 5. Defendant's cited authority does not support this assertion. In addition, Plaintiff has not asserted a fraud claim against Defendant. A.R.S. § 12-543 is also inapplicable.

### B. Forgery.

Defendant contends that Plaintiff is unable to "satisfy her burden to prove the alleged forgery by clear and convincing evidence." Doc. 62 at 6. Defendant cites *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874-75 (9th Cir. 2008), as setting forth the "elements of forgery," but that case discusses the elements of criminal forgery. *See id.* Defendant provides no authority for the proposition that the standard for the crime of forgery is relevant in this civil action, or that forgery in a civil case must be proved by clear and convincing evidence. The only case cited by Defendant, *Rhoads v. Harvey Publications, Inc.*, 700 P.2d 840, 844 (Ariz. Ct. App. 1984), concerns fraud not forgery.

Defendant argues that even if Mrs. Butwin's signatures on the 2002 Deed of Trust and the 2006 Modification were forged, Mrs. Butwin ratified the forgery by taking the 2009 cash advances from the HELOC. Doc. 62 at 7. In *United Bank v. Mesa N. O. Nelson, Inc.*, 590 P.2d 1384, 1385-87 (Ariz. 1979), the Arizona Supreme Court considered the alleged ratification of a forged signature on negotiable instruments. The court adopted the view of the New Jersey Supreme Court on ratification, concluding that "[r]atification requires intent to ratify plus knowledge of all the material facts. Ratification may be express or implied, and intent may be inferred from the failure to repudiate an unauthorized act, from inaction, or from conduct on the part of the principal which is inconsistent with any other position than intent to adopt the act." *Id.* at 1386 (internal citations omitted). Defendant argues that Mrs. Butwin failed to repudiate the unauthorized signatures on the 2002 Deed of Trust and the 2006 Modification, but points to no evidence in the record showing that she had knowledge of all the material facts. There is evidence that she learned on January 9, 2009 that her home was encumbered by the HELOC, but whether she had any knowledge that a signature purporting to belong to her appeared on the 2002 Deed of Trust or the 2006 Modification is an issue of fact that

has not been resolved by undisputed evidence.  *Cook v. Great Western Bank and Trust*, 685 P.2d 145, 149 (Ariz. Ct. App. 1984) ("Whether there has been a ratification of a forged signature is usually a question of fact."). This question of fact precludes summary judgment for Defendant on this issue.[2]

### IV.   Plaintiff's Motion for Summary Judgment.

####   A.   Acknowledgment.

Plaintiff argues that A.R.S. § 33-411(B) provides that an instrument affecting real property "shall not be deemed lawfully recorded unless it has been previously acknowledged in the manner prescribed in this chapter." Doc. 64 at 4; A.R.S. § 33-411(B). Plaintiff contends that neither the 2002 Deed of Trust nor the 2006 Modification was acknowledged because the individual who purported to notarize both documents was not a properly commissioned and authorized notary in Arizona. Doc. 64 at 3-4; Doc. 72 at 7. Defendant counters that "regardless of any alleged defect in the acknowledgment," the 2006 Deed of Trust is enforceable against Mrs. Butwin and her heirs. Doc. 69 at 5. Plaintiff notes that A.R.S. § 33-411(C) provides:

> [A]n instrument affecting real property containing any defect, omission or informality in the certificate of acknowledgement and which has been recorded for longer than one year in the office of the county recorder of the county in which the property is located shall be deemed to have been lawfully recorded on and after the date of its recording.

Plaintiff appears to argue that this case does not involve a defect, omission, or informality in the acknowledgment, but the absence of an acknowledgment altogether. Doc. 64 at 4-5. As support, Plaintiff cites *Phipps v. CW Leasing, Inc.*, 923 P.2d 863, 868

---

[2] Defendant cites a number of sources dealing with ratification under the law of agency. *See* Doc. 62 at 7-9. The relevancy of this authority is unclear, however, because no party has argued that the HELOC documents were signed by an agent of Mrs. Butwin. Defendant does not assert that she gave any individual actual, apparent, or implied authority to sign the documents on her behalf, and Plaintiff correctly notes that Arizona law requires the consent of both spouses to encumber community property. Doc. 64 at 8-9; *see also* A.R.S. § 25-214(C)(1). The Court therefore finds Defendant's agency-law citations to be unavailing.

- 5 -

n.1 (Ariz. Ct. App. 1996), where the Arizona Court of Appeals stated that a "defect, omission or informality" under A.R.S. § 33-411(C) is "distinguishable from this case where no acknowledgment took place."

Plaintiff's argument does have some merit. A.R.S. § 33-401(B) states that "[e]very deed or conveyance of real property must be signed by the grantor and must be duly acknowledged before some officer authorized to take acknowledgments." In interpreting this statute, the United States Supreme Court noted that the Arizona Legislature "made the acknowledgment by the grantor before a proper officer a prerequisite to the validity of the deed as much as the signing." *Lewis v. Herrera*, 208 U.S. 309, 315 (1908). Thus, the proper acknowledgement of an instrument conveying an interest in real property is an important component of Arizona law.

There is evidence in the record calling into question the qualification of Mary J. Higgens, the individual who purported to notarize the 2002 Deed of Trust and the 2006 Modification. Plaintiff has submitted a letter from the office of Arizona's Secretary of State, stating that "a search of the digital records returns no record of any Arizona notary by that name." Doc. 65-1 at 12. Defendant argues that the letter merely reflects no notary by that name at the present time, but says nothing about whether Higgens was a valid notary in the past. Doc. 69 at 5 n.3. Plaintiff also notes, however, that A.R.S. § 41-312(A) provides that the Secretary of State "may appoint notaries public in each county to hold office for four years" (A.R.S. § 41-312(A)), and that the stamp used by Higgins on the 2002 Deed of Trust stated that her commission expired on April 24, 2010, some eight years later and well beyond the four years authorized by statute. Notably, Defendant does not argue or present evidence that Mary J. Higgens was ever a valid notary or that the acknowledgments of the 2002 Deed of Trust and the 2006 Modification were proper.[3]

---

[3] Defendant also argues that the 2002 Deed of Trust is valid and enforceable because it has been recorded for more than ten years. Doc. 69 at 6; *see also* A.R.S. § 33-401(D). The 2002 Deed of Trust was recorded on October 31, 2002. Doc. 63-1 at 22. This action was commenced on September 28, 2012. Doc. 1. Plaintiff's challenge was thus brought before the 2002 Deed of Trust had been recorded for ten years.

1 Although there is evidence in the record that the 2002 Deed of Trust and the 2006 Modification were not properly acknowledged, Defendant cites *Heller v. Levine*, 437 P.2d 983, 986-87 (Ariz. Ct. App. 1968), for the proposition that the 2006 Modification is enforceable against Plaintiff "regardless of any alleged defect in the acknowledgment." Doc. 69 at 5-6. *Heller* held that "[t]he fact that the mortgage was not properly acknowledged does not invalidate it as an equitable mortgage, but makes it a contract which may be specifically enforced as between the parties since equity considers that done which ought to be done." 437 P.2d at 986-87. As noted in section IV.C below, whether Mrs. Butwin signed the relevant documents – whether she was a party to the transaction with Defendant and therefore subject to the equitable principles of *Heller* – is a question of fact that must be decided at trial. The Court therefore declines to grant summary judgment on this issue.

Plaintiff next argues that the "failure of acknowledgement" should be construed against Defendant. Doc. 64 at 5. Plaintiff provides no relevant authority supporting this argument. The lone case cited in this section of her motion discusses the liability of a notary in the case of a faulty acknowledgement. *Id.* (citing *City Consumer Servs., Inc. v. Metcalf*, 775 P.2d 1065 (Ariz. 1989)). Plaintiff also asks the Court to take judicial notice "of the fact that the normal practice of a lending institution when financing the purchase or refinancing of a property would be to conduct the closing in the bank with a notary who was a bank employee." *Id.* at 6. Plaintiff presents nothing to support this request, which the Court declines.

**B.     Judicial Estoppel.**

Plaintiff argues that Defendant is judicially estopped from claiming that the HELOC is a community debt. *Id.* Under the doctrine of judicial estoppel, "where a party has obtained judicial relief against an adversary by asserting or offering proof to support one position, he cannot later in another action between the same parties take a contrary position on the same issue." *State Farm Auto. Ins. Co. v. Civil Serv. Emp. Ins. Co.*, 509 P.2d 725, 730 (Ariz. Ct. App. 1973). Plaintiff argues that Mr. Butwin allegedly claimed

1 the HELOC as his sole and separate debt during the Butwins' divorce proceedings and
2 was successful in obtaining a protective order in that action preventing Mrs. Butwin from
3 obtaining information about Mr. Butwin's separate accounts.  Doc. 64 at 7.  She argues
4 that because Mr. Butwin would be estopped from taking a contrary position now,
5 Defendant should also be estopped from arguing that the HELOC was a community debt
6 because it is in "privity" with Mr. Butwin.  *Id.* at 8.

   Plaintiff's privity argument is based on the fact that Defendant entered into a contractual relationship with Mr. Butwin on the basis of improperly acknowledged documents (the HELOC).  Doc. 64 at 8.  Even if this were true, it would not show that Defendant was in privity with Mr. Butwin in the divorce case that allegedly gives rise to judicial estoppel.  Plaintiff has presented no evidence that Defendant knew of or participated in the divorce case, or that Mr. Butwin somehow acted on Defendant's behalf when he took positions and obtained rulings in that case.  To the contrary, the position taken by Mr. Butwin in the divorce case – that the HELOC was his sole and separate debt – arguably conflicted with Defendant's interest in treating the HELOC as a community debt that encumbered the marital residence.  Plaintiff has provided no basis for concluding that Defendant should be bound by Mr. Butwin's actions in the divorce case, and the Court will not grant summary judgment on this basis.

   **C.   A.R.S. § 25-214(C).**

   Plaintiff contends that "Arizona law requires a conveyance of an interest in real estate owned by the community to be signed by both spouses."  Doc. 64 at 8 (citing A.R.S. § 25-214(C)).  She argues that if Mrs. Butwin did not actually sign a deed of trust conveying a security interest in the Butwin residence to Defendant, Mr. Butwin could not have encumbered the entire property on his own.  Doc. 64 at 8.  Plaintiff has presented evidence that Mrs. Butwin's signature on the 2002 Deed of Trust may have been forged.  *See* Doc. 65-2.[4]  Defendant has presented controverting evidence.  *See* Doc. 68-2 at 2-4.

---

[4] Defendant's response to Plaintiff's motion states: "as discussed in [Defendant]'s motion to strike filed concurrently herewith, since Kessler [Plaintiff's expert] was not timely disclosed, Kessler's report and any testimony by Kessler are inadmissible and not

- 8 -

1  This controverting evidence precludes the entry of summary judgment.  *Anderson*, 477
2  U.S. at 248.

3　　　　Defendant argues that whether Mrs. Butwin's signature was forged on the 2002 Deed of Trust is of no consequence because Plaintiff presents no evidence that Mrs. Butwin's signature was forged on the 2006 Modification, which it argues is the controlling document.  Doc. 69 at 4-5.  The Court does not agree that only the signatures on the 2006 Modification are relevant.  The 2006 Modification clearly states that "[a]ll original terms and conditions of the Line of Credit and Deed of Trust . . . remain in full force and effect[.]"  Doc. 63-1 at 44.  Defendant's alleged security interest would not exist without the 2002 Deed of Trust.  Therefore, the authenticity of Mrs. Butwin's signature on that document is relevant.

### D.     A.R.S. § 14-2803.

Plaintiff argues that Mr. Butwin's murder of his wife and children invoked A.R.S. § 14-2803, which severs the interests of a decedent and killer "in property held by them at the time of the killing as joint tenants with the right of survivorship or as community property with right of survivorship, transforming the interests of the decedent and killer into tenancies in common."  A.R.S. § 14-2803(B)(2).  Even if this statute applies, Plaintiff does not address whether the transformation of the residence from community property to a tenancy in common would extinguish Defendant's security interest in the property.  If the HELOC was signed or ratified by Mrs. Butwin – issues of fact to be decided at trial – and thereby became a valid lien on the property before the

---

properly considered in ruling on the parties' motions for summary judgment."  Doc. 69 at 8 n. 8.  A review of the docket reveals that there is no such motion to strike pending before the Court.  Defendant argues in a footnote in its motion for summary judgment that the expert report was to have been disclosed by May 31, 2013, and was not disclosed until August 19, 2013.  Doc. 62 at 6 n.3.  The Court's Case Management Order required Plaintiff to disclose her expert report by May 31, 2013, and cautioned that the deadline was real and would be enforced.  Doc. 22.  The authority for disregarding Plaintiff's expert report, however, is found in Rule 37(c)(1), and Defendant does not address whether Plaintiff's untimely production of the expert report was "substantially justified" or "harmless" as required by that rule.  Because the parties' briefing fails to provide the Court with sufficient information to conduct a Rule 37(c)(1) analysis, the Court will not disregard Plaintiff's expert for purposes of this order.

- 9 -

murder, Plaintiff has provided no basis for concluding that the lien was extinguished by the murder.

**V.    Additional Briefing.**

In the interest of confirming that no issues in this action are currently the subject of ongoing litigation in state court, the parties are ordered to file a joint memorandum within ten days of this order advising the Court as to the status of all ongoing probate actions involving the Butwin residence in Maricopa County Superior Court.  The joint memorandum shall inform the Court of whether the estates of Mr. and Mrs. Butwin are being probated jointly, whether Defendant Wells Fargo is a party to any probate action involving the Butwin residence, whether the validity of the HELOC or related documents is at issue in the state action, and the current status of the Butwin residence.

**IT IS ORDERED:**

1. The parties' motions for summary judgment (Docs. 62, 64) are **denied**.

2. The parties shall file a joint status report on or before **February 10, 2014** as set forth above.

3. If, after reviewing the parties' joint status report, the Court concludes that this case should proceed to trial, the Court will set a final pretrial conference.

Dated this 31st day of January, 2014.

_____
David G. Campbell
United States District Judge

- 10 -